UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RONALD C. MONTANO, et al.<br><br>Defendants, and<br><br>DENISE MONTANO, ROMEO MONTANO, ELMA MONTANO, AND REM FLORIDA PROPERTIES, LLC,<br><br>Relief Defendants. | Case No. 6:18-cv-01606-GAP-GJK |

**FINAL JUDGMENT AS TO DEFENDANT RONALD C. MONTANO AND ALL RELIEF DEFENDANTS**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Amended Complaint, and Defendant Ronald C. Montano ("Montano" or "Defendant") and Relief Defendants Denise Montano, Romeo Montano, Elma Montano and REM Florida Properties LLC (collectively, "Relief Defendants") having been personally served; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as

1

to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Montano is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting,

either orally or in writing, any false or misleading statement in any communication to any investor or prospective investor, about: any investment in, trading in, or offering of securities; the prospects for success of any product or company; the use of investor funds; the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or the registration status of such offering or of such securities.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Montano is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading statement in any communication to any investor or prospective investor, about: any investment in, trading in, or offering of securities; the prospects for success of any product or company; the use of investor funds; the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or the registration status of such offering or of such securities.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Montano is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any

means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Montano is permanently restrained and enjoined from directly or indirectly, including through any entity he owns or controls, participating in the marketing, offer, or sale of securities over the Internet or via email or other forms of electronic communication; provided, however, that such injunction shall not prohibit him from offering or selling securities for his own personal account.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs I through IV also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Montano's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Montano or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that (a) Defendant Montano is liable for disgorgement of $1,000,000, inclusive of prejudgment interest, representing net profits gained as a result of the conduct alleged in the Complaint; (b) each of the Relief Defendants are jointly and severally liable with Defendant Montano for $900,000 of the foregoing $1,000,000 in disgorgement and prejudgment interest; and (c) Defendant Montano is further liable for a civil penalty in the amount of $1,350,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 2l(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant and Relief Defendants shall satisfy their respective obligations by making full payment to the Securities and Exchange Commission on or before October 31, 2022.

Defendant and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. They may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ronald C. Montano as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

A payor shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action and relinquishes all legal and equitable right, title, and interest in such funds. No part of the funds shall be returned to the Defendant or Relief Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after October 31, 2022. The Commission may enforce the Court's judgment for penalties by the

use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant and Relief Defendants shall pay post judgment interest on any amounts due by them after ninety (90) days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

Until disgorgement and prejudgment interest, plus any applicable post judgment interest on these amounts, is fully paid, the real property owned and held in the name of REM Florida Properties LLC, at 5251 Carson Street, St. Cloud, FL ("the Residence"), shall secure the payment of disgorgement, prejudgment interest, and any applicable post-judgment interest, and neither Defendant nor any Relief Defendant shall directly or indirectly make, create, incur, assume or permit to exist any assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to or against any part of the Residence without written consent from an attorney of record for the Commission. Additionally, no later than thirty (30) days from the entry of this Final Judgment, Relief Defendants and Defendant Montano shall list the Residence for sale publicly through a Florida residential real estate broker, including by placing the Residence in the multiple listing service (MLS) for residential property, and shall therein and thereafter exercise jointly and severally their best efforts, including by doing everything

known to be usual, necessary and proper, to market the Residence to buyers and to sell the Residence to a buyer so as to generate funds to fully satisfy disgorgement and prejudgment interest, plus any applicable post judgment interest.

The Commission shall hold the funds paid under this Final Judgment, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor

Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Ronald C. Montano and the Consent of Relief Defendants are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of their respective undertakings and agreements set forth in those consents.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Amended Complaint are true and admitted by Defendant and the Relief Defendants, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by any of them under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 18, 2022



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

11